UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 6: 13-026(01)-DCR |
| V. | ) |
| MICHAEL W. JENT, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On February 7, 2014, Michael Weslee Jent pleaded guilty to conspiring to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). [Record No. 139] Jent was sentenced to a 140-month term of imprisonment, followed by five years of supervised release and a $5,000 fine. [Record No. 179] He has now filed a *pro se* motion requesting a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] [Record No. 214] Jent has also provided the Court with a list of programs in which he is participating during his imprisonment. [Record No. 214, p. 2]

---

[1] Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information possessed by the Court from the original sentencing is sufficient to consider a 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources.

After reviewing Jent's motion, the attached list, and the record of this proceeding, the Court finds that a reduction of his sentence is not warranted.

As outlined in the defendant's Presentence Investigation Report ("PSR"), on May 24, 2012, law enforcement officials spoke with a confidential witness about trips to pain clinics in Florida and Georgia to pick up oxycodone pills and Xanax tablets for Jent. [PSR, p. 3] The witness recalled transporting 150 to 180 30-miligram oxycodone pills from each state, 90 15-miligram oxycodone tablets from each state, and 30 Xanax tablets from Florida. [*Id.*] On February 18, 2013, law enforcement officials met with a cooperating source, who informed them that he went to Tuckersville, Georgia to retrieve 168 30-miligram and 84 15-miligram oxycodone pills for Jent. [*Id.*] A month later, another cooperating witness informed law enforcement that he and co-defendants Tabitha Begley, Clint Begley, Robert Abner, and Arthur Jent, Jr. coordinated trips to Georgia pain clinics to retrieve oxycodone pills for Jent. [*Id.*, p. 4] Jent rented the cars and paid the drivers. [*Id.*]

On March 28, 2013, Robert Abner met with law enforcement in Hazard, Kentucky, arriving in a vehicle registered by the defendant. [*Id.*] He denied all allegations against him and the defendant. [*Id.*] Subsequently, Arthur Jent, Jr., the defendant's brother, admitted his involvement in the conspiracy. [*Id.*, p. 5] He stated that the defendant received pills for funding the trips to pain clinics, which the defendant distributed in Southeastern Kentucky. [*Id.*] Co-defendant Tabitha Begley confirmed this information. [*Id.*] Because Michael Jent funded his co-defendants' trips to retrieve pills for him to distribute in Southeastern Kentucky, he is considered an organizer of the conspiracy. [*Id.*, p. 6]

On June 27, 2013, Jent was charged with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). [Record No. 1] Thereafter, he pleaded guilty. [Record No. 139] Based on the amount of drugs trafficked,[2] the defendant's base offense level was calculated as 32 under the 2013 guidelines. [PSR, p. 7] He received a four-level increase in his offense level calculation based on his leadership role pursuant to § 3B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G"). [*Id.*] Jent also received a three-level reduction for acceptance of responsibility. [*Id.*] Jent's total offense level of 33 and his criminal history category of I resulted in a non-binding guideline range of imprisonment of 135 to 168 months. [*Id.*, p. 12]

During the sentencing hearing held on May 8, 2014, the Court evaluated all relevant factors under 18 U.S.C. § 3553(a). [Record No. 201] This analysis included consideration of the seriousness of the offense, the history and characteristics of the defendant, the detrimental impact his crime has on the public, and the need for adequate general and specific deterrence to future criminal conduct. For example, the undersigned noted that a conspiracy to distribute prescription pills is a "very serious offense" and emphasized the defendant's leadership role in the conspiracy. [*Id.*, p. 64] In addition, the Court discussed the two-fold issue of deterrence. [*Id.*] However, the Court also determined that a sentence more toward the low-end of the range was appropriate because of the "positive characteristics" highlighted by the parties. [*Id.*, p. 66] Thus, a sentence of 140 months was found to be the lowest term of incarceration appropriate under the circumstances presented. [*Id.*, p. 65]

---

2   The defendant was responsible for conspiring to distribute 13,000 30-miligram oxycodone pills, which yields a marijuana equivalency of 2,613 kilograms. [PSR, p. 7]

Jent is currently scheduled to be released from incarceration on September 9, 2023. *See* http://www.bop.gov/inmateloc/ (last checked October 8, 2015). The United States Sentencing Commission has since amended the applicable guideline range and given the amendments retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels. With a re-calculated total offense level of 31, Jent's non-binding guideline range under the 2014 amendments would be 108 to 135 months.[3]

However, the undersigned continues to believe that the sentence originally imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a). Jent was an integral part of importing and distributing large amounts of oxycodone into Southeastern Kentucky. Such a crime threatens the safety of the public and has consistently been shown to have an extremely detrimental impact on the communities of the Eastern District of Kentucky. In fact, this detrimental impact is reflected in the defendant's own life, as he became heavily addicted to oxycodone in 2012. [PSR, p. 10] Further, the sentence should reflect the defendant's role in organizing and funding the conspiracy's activities. In addition, it should reflect the fact that Jent involved family members. It is particularly troubling that the defendant involved his brother, who appears to have some mental health and intelligence concerns. [Record Nos. 118; 201, p. 53]

Moreover, the Court's original sentence was at the lower-end of the applicable guideline range. In imposing such a sentence, the Court took into consideration the

---

[3] A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise *leniency* to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (emphasis added).

- 4 -

mitigating factors. An additional reduction would unduly diminish the seriousness of Jent's criminal conduct and fail to provide specific deterrence to him or general deterrence to others inclined to participate in similar conduct.[4] While Jent has provided information detailing his rehabilitative progress since his incarceration [Record No. 214, p. 2], this mitigating factor does not offset the many aggravating factors outlined above and discussed during the original sentencing hearing. In summary, after again reviewing the relevant § 3553(a) factors and Jent's post-sentencing conduct, the Court concludes that a minimum term of imprisonment of 140 months is necessary and appropriate under the circumstances. Accordingly, it is hereby

**ORDERED** that Defendant Michael Jent's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 214] is **DENIED**.

This 8th day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[4] While the Court determined previously that the sentences of other defendants involved in the conspiracy should not be reduced under 18 U.S.C. § 3582 [Record Nos. 203 and 209], the sentences of Defendant Wiley Wireman and Arthur Jent, Jr. were reduced under this statutory provision based on an independent evaluation of the issues presented by each defendant. [Record Nos. 211, 213]