UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-026-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL WESLEE JENT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Weslee Jent pleaded guilty to conspiring to distribute oxycodone and was sentenced to 140 months' imprisonment on May 8, 2014. [Record No. 179] Jent has now filed a motion for compassionate release based on purported risks associated with contracting COVID-19. However, a generalized risk of contracting COVID-19 is not a sufficient basis for granting compassionate release. Further, the defendant has not pursued administrative relief before filing a motion in court, as required under 18 U.S.C. § 3582(c)(1)(A). As a result, his motion will be denied.

**I.**

Title 18 of the United States Code, section 3582(c)(1)(A), provides:

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)

to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement is found in Section 1B1.13 of the United States Sentencing Guidelines. It provides that the court may reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), it determines that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement.

Guidelines commentary defines "extraordinary and compelling reasons" as follows:

(A) Medical Condition of the Defendant—
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C) Family Circumstances –
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) Other Reasons—As determined by the Director of the Bureau of

Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

## II.

The defendant has not identified circumstances that would render him eligible for compassionate release under any of these categories. The CDC has advised that people with obesity (a body mass index of 30 or higher) are at an increased risk of severe illness from COVID-19 and that people with hypertension or moderate to severe asthma might be at an increased risk of severe illness from COVID-19.[1] Although Jent has provided unsworn correspondence indicating that he has been diagnosed with obesity, hypertension, and asthma (and these conditions are consistent with information contained in the defendant's original Presentence Investigation Report), he has not provided any medical documentation describing the diagnoses, their severity, or how they relate to the defendant's susceptibility to COVID-19.

Further, a generalized risk of future illness is not sufficient to justify the extraordinary remedy of compassionate release. *See United States v. Brummett*, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020). *See also United States v. Cundiff*, No. 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing United *States v. Peaks*, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) ("generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

compassionate release identified by the Sentencing Commission"); *United States v. Shah*, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . ., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release.").

Regardless, the Court does not find that the defendant would not present a risk to the community or that release is warranted based on the factors outlined in § 3553(a). Jent committed a very serious crime in which he conspired to distribute a large amount of oxycodone in rural Eastern Kentucky. He was the leader of a lengthy conspiracy in which he provided funding for others to travel to out-of-state clinics or "pill mills" to obtain oxycodone pills. Jent was found to be responsible for conspiring to distribute approximately 13,000 oxycodone 30 milligram pills and his advisory sentencing range was 135 to 168 months' imprisonment. [Record No. 201, p. 43] However, citing the defendant's intelligence, ability to work, and family support, the Court imposed a sentence near the bottom of the guidelines range. *Id.*, p. 66.

In his motion for compassionate release, the defendant reports that he has pursued education and re-entry preparation activities and that he has secured a job upon release. While the defendant's reported progress is commendable, it is consistent with the positive characteristics discussed at sentencing and factored into his original sentence. Additionally, rehabilitation efforts alone do not provide a proper basis for relief. *See United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020).

Finally, Jent concedes that he has failed to pursue administrative remedies, as required under § 3852(c)(1)(A). He argues that exhaustion of administrative remedies should be waived

in light of the COVID-19 pandemic, but the Sixth Circuit has expressly rejected this contention. *See United States v. Alam*, 960 F.3d 830, 835 (6th Cir. 2020). Instead, before filing a motion for compassionate release in court, a prisoner must fully exhaust his administrative remedies or wait 30 days after his first request to the prison. *Id.*

### III.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 262] is **DENIED** for failure to exhaust administrative remedies and on the merits.

Dated: November 20, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky